IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RAUL WANTON,

    Plaintiff,

vs.                                         No. CV 16-01058 JCH/GJF

NEW MEXICO DEPARTMENT OF CORRECTION'S
HEALTH CARE PROVIDER & ALL OTHERS,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DIMISSAL

**THIS MATTER** is before the Court *sua sponte* under Fed.R.Civ.P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B) on the Prisoner's Civil Rights Complaint filed by Plaintiff Raul Wanton on September 23, 2016 (Doc. 1). The Court will dismiss Wanton's Complaint for failure to state a claim on which relief can be granted.

### *Dismissals for Failure to State a Claim*

Plaintiff Wanton is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed.R.Civ.P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Under Fed.R.Civ.P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Twombly*, 550 U.S. at 555; *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th

1

Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim upon which relief may be granted. § 1915(e)(2)(B)(2). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991). The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

### *The § 1983 Complaint Fails to State a Claim*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of employees or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676, 129 S.Ct. 1937, 1948 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with

fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

The Complaint refers to "health care provider," "nursing staff," and "non-medical staff," but does not make any factual allegations against any identified individual. (*See* Doc. 1 at 1, 4, 7). The Complaint does not identify who did what to whom and is wholly insufficient to state a claim upon which relief can be granted. *Ashcroft v. Iqbal,* 556 U.S. at 676, 129 S.Ct. at 1948; *Robbins v. Oklahoma,* 519 F.3d at 1249-50. Further, Plaintiff Wanton makes generalized statements that he is being denied adequate medical care, but does not allege any specific wrongful conduct or explain how that conduct violates his constitutional rights. Generalized allegations against entity defendants, without identification of actors and conduct that caused the deprivation of a constitutional right, fails to state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. Wanton's formulaic recitations of Eighth and Fourteenth Amendment violations are not sufficient to state a plausible claim. *Twombly,* 550 U.S. at 570.

Plaintiff Wanton's allegations fail to state any legally sufficient claim for relief under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). The Court will dismiss Wanton's claims. The Court will also grant Wanton leave to file an amended complaint consistent with this Memorandum Opinion within thirty (30) days of entry of the Memorandum Opinion and Order. *Hall v. Bellmon,* 935 F.2d at 1109. If Wanton fails to file an amended complaint within thirty days or files an amended complaint that similarly fails to state a factually and legally sufficient cause of action, the Court may dismiss this proceeding with prejudice and without further notice.

**IT IS ORDERED** that the Prisoner's Civil Rights Complaint filed by Plaintiff Raul Wanton on September 23, 2016 (Doc. 1) is **DISMISSED** for failure to state a claim on which

relief can be granted and Plaintiff is **GRANTED** thirty (30) days from entry of this Memorandum Opinion and Order to file an amended complaint.

_____
UNITED STATES DISTRICT JUDGE