# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

RAUL WANTON

     Plaintiff,

v.                                               No. 1:16-cv-1058 JCH/GJF

NEW MEXICO DEPARTMENT
OF CORRECTIONS, *et al*,

     Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Plaintiff's motion for an extension of time to file an amended complaint. (Doc. 12). The Court discerns he actually seeks to set aside the order dismissing his civil rights case. Plaintiff filed his complaint on September 23, 2016, alleging violations of 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments. (Doc. 1). By a Memorandum Opinion and Order entered December 16, 2016, the Court dismissed the complaint for failure to state a cognizable claim and granted Plaintiff thirty days to file an amended complaint. (Doc. 9). The ruling contained detailed guidance on how to cure the pleading defects. The Court warned that if Plaintiff failed to timely file an amended complaint, the proceeding may be dismissed with prejudice and without further notice.

The amended complaint was due January 16, 2017. Plaintiff did not file the pleading or show cause for such failure. On January 24, 2017, the Court entered an order and judgment dismissing the case pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6). (Docs. 10, 11). The next day, Plaintiff filed the instant motion seeking an extension of the January 16, 2017 deadline. He asserts: (1) there is a significant language barrier for Spanish speaking inmates who wish to file court documents, and he must work with an interpreter; (2) the New Mexico

Corrections Department hindered his ability to obtain legal assistance from other inmates; and (3) his transfer to another prison delayed his receipt of the December 16, 2016 Memorandum Opinion and Order until December 26, 2016.

Because the case has already been dismissed, the Court cannot grant the requested relief without setting aside the judgment. A motion to alter or amend a judgment filed within twenty-eight days of its entry is generally analyzed under Fed. R. Civ. P. 59(e). *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *Manco v. Werholtz,* 528 F.3d 760, 761 (10th Cir. 2008). Grounds for setting aside the judgment include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A district court has considerable discretion in deciding whether to disturb a judgment under Rule 59(e). *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

After carefully considering the motion and record, the Court concludes Plaintiff has not demonstrated grounds for relief under Rule 59(e). Plaintiff has not alleged a change in the law or that he wishes to present newly discovered evidence. The Court is also not convinced the dismissal was manifestly unjust. Unfortunately, most *pro se* inmates lack legal assistance. *See Ellis v. Jones,* 302 Fed. App'x 817, 819 (10th Cir. 2008) (insufficient legal materials did not toll the limitations period for inmate's habeas petition or justify reconsideration of that ruling under Rule 59(e)). Further, the language barrier has not prevented Plaintiff from filing at least five other pleadings and letters in his case, the most recent of which (Doc. 14) was submitted in Spanish and translated by the Court's interpreter. *See Pabon v. Lemaster,* 408 Fed. App'x 508, 509 (3rd Cir. 2010) (affirming the district court's refusal to set aside dismissal of inmate's § 1983 complaint and observing that "[h]is argument about the difficulties presented by his language problems is

2

undercut by the seven motions that he filed throughout the litigation").

Finally, the fact that Plaintiff received the Memorandum Opinion and Order ten days after its entry does not justify Rule 59(e) relief. The Court waited until eight days after the filing deadline lapsed to dismiss the case, which afforded Plaintiff a total of twenty-nine days to either file an amended complaint or seek and extension of the filing deadline. His transfer to another prison therefore had no material impact on his ability to comply with the Memorandum Opinion and Order.

For the foregoing reasons, the Court declines to set aside the judgment and will deny the motion to extend the deadline to file an amended complaint. To the extent Plaintiff seeks relief in his March 17, 2017 letter (Doc. 14), which appears to relate to Plaintiff's original claims of medical neglect, no relief is available.

IT IS THEREFORE ORDERED that the Motion for Extension of Time (Doc. 12) is DENIED.

ORDERED FURTHER that no relief is available in connection with Plaintiff's March 17, 2017 letter (Doc. 14).

_____
UNITED STATES DISTRICT JUDGE